WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen M. Baker, | No. CV-15-00342-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Walgreens Arizona Drug Company, | |
| Defendant. | |

On November 24, 2015, the parties filed a stipulation for a protective order. The Court denied that stipulation issuing the following order:

> The parties have stipulated to a protective order stating, "…documentation that may be produced by the parties contains information which the parties contend is proprietary, private, sensitive, confidential or otherwise deserving of protection from public disclosure…." Doc. 25 at 1.
> Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).
> Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the parties have failed to make the necessary showing required to justify a protective order.

Doc. 28.

Discovery closed in this case on December 7, 2015. The Court denied the request for a Protective Order on December 11, 2015, 11 business days after it was filed. However, apparently, Defendant disclosed documents on the assumption the Court would issue a protective order. *See* Doc. 31. As a result, on January 6, 2016, a month after the close of discovery, Defendant filed another motion for protective order.

First, the Court finds the second motion for a protective order to be untimely. Footnote One of the Scheduling Order (which the parties have had since July 29, 2015) states:

> As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the parties shall complete all discovery by the deadline set forth in this Order (complete being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

Doc. 15 at 2 n. 1.

Here, seeking a protective order 11 business days before the close of discovery is inadequate to timely present the issue to the Court.

Second, in this Court's original order denying a protective order, the Court articulated that it would not issue "global" protective orders. The renewed motion for a protective order does little to cure this deficiency, but instead argues that the documents have already been disclosed and that Plaintiff should be held to her stipulation. While the Court will not offer an advisory opinion on whether that agreement might be enforceable between the parties in a state law breach of contract action should a breach occur in the future, the fact that the parties agreed does not meet the standard under Rule 26. Accordingly, the renewed request for a protective order is denied for this alternative

reason.  Based on the foregoing,

**IT IS ORDERED** that the motion for protective order (Doc. 31) is denied.

Dated this 11th day of January, 2016.

James A. Teilborg
Senior United States District Judge