WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen M. Baker, | No. CV-15-00342-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Walgreens Arizona Drug Company, | |
| Defendant. | |

Pending before the Court is the issue of whether independent jurisdiction exists to hear a state-law claim alleged by Plaintiff Karen M. Baker. On April 18, 2016, the Court granted Defendant Walgreens Arizona Drug Company's motion for summary judgment on Plaintiff's federal law claims. (Doc. 40 at 7-22). Liberally interpreting Plaintiff's pro-se pleading, the Court also identified one state-law claw for "wrongful termination" on which Defendant did not seek summary judgment. (Doc. 40 at 22-23). Absent an active federal law claim by Plaintiff, the question arose of whether the Court had independent jurisdiction to hear a purely state-law claim under Title 28 U.S.C. § 1332 (2012), or whether the Court must exercise discretion and choose to hear or dismiss the claim pursuant to Title 28 U.S.C. § 1367 (2012). (Doc. 40 at 22-23).

Having received and reviewed the parties' briefs, the Court hereby finds that independent jurisdiction to hear Plaintiff's purely state-law claim under 28 U.S.C. § 1332 does not exist. Both Plaintiff and Defendant are residents of the state of Arizona, and diversity among the parties' citizenship does not exist. The Court must therefore

1    determine whether to exercise supplemental jurisdiction over Plaintiff's state-law claim

2    via 28 U.S.C. § 1367.

3         Plaintiff has provided little substance to her state-law claim. The Complaint

4    simply alleged that Defendant "[t]erminated her employment against state law" by

5    "[w]illfully and knowingly fabricat[ing] a lie and accus[ing] Plaintiff of theft." (Doc. 1 at

6    4). Plaintiff's opposition to Defendant's motion for summary judgment likewise did not

7    substantiate the claim; (Doc. 36 at 6); Plaintiff simply provided a narrative of the events

8    she asserts constitute a violation of Arizona law. (*Id.* at 6 – 11). Plaintiff's brief on the

9    issue of subject matter jurisdiction also did not provide any further substance to the

10   claim. The result is that Count II of the Complaint does not identify any specific basis for

11   Plaintiff's wrongful termination claim. Liberally construing Plaintiff's pleadings, as the

12   Court must, *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted),

13   the Court finds that the Complaint alleges a violation of A.R.S. § 23-1501(3)(b)(i)

14   (2014), asserting that Plaintiff was terminated in violation of a state statute, the "civil

15   rights act prescribed in title 41, chapter 9" of the Arizona Revised Statutes. Absent

16   anything to substantiate her state-law claim, the Court's inability to identify a viable

17   cause of action under the Arizona Employment Protection Act ("AEPA") for making

18   false accusations about an employee, and given the substantive allegations of civil rights

19   violations in the Complaint, the Court finds that A.R.S. § 23-1501(3)(b)(i) is the statutory

20   vehicle for Plaintiff's state-law wrongful termination claim.

21        Based on the foregoing, the Court finds that Plaintiff's state-law claim is part of

22   the same controversy as her federal law discrimination claims, and that judicial efficiency

23   will be promoted by hearing the claim. Thus, the Court will, in its discretion, exercise

24   supplemental jurisdiction over Plaintiff's state-law claim under A.R.S. § 23-1501(3)(b)(i)

25   pursuant to 28 U.S.C. § 1367. *Trustees of Constr. Indus. & Laborers Health & Welfare*

26   *Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003).

27        The Court's Fed. R. Civ. P. 16(b) Scheduling Order established a deadline for all

28   dispositive motions to be filed no later than January 21, 2016. (Doc. 15). In light of the

Court's decision to exercise supplemental jurisdiction over Plaintiff's state-law claim, and the ambiguities about the nature of the claim in the original Complaint, the Court will re-open the dispositive motions phase of these proceedings, (Doc. 15 at 4), and set a new deadline of Friday, May 20, 2016, for the parties to file. The Court will also amend the Rule 16(b) Scheduling Order, (Doc. 15 at 4), and grant the parties leave to file a second motion for summary judgment.

Finally, the Court will not consider Plaintiff's claim of "defamation of character," included in her brief on jurisdiction. (Doc. 41 at 3). This is the first mention of this theory, but any motion to amend the Complaint was due no later than August 28, 2015. (Doc. 15 at 2). Plaintiff has not shown good cause to amend the Complaint at this late date, and her attempt to do so is therefore denied. *See TriQuint Semiconductor*, *Inc. v. Avago Tech. Ltd.*, No. CV-09-01531-PHX-JAT, 2010 U.S. Dist. LEXIS 89690, at \*15-18 (D. Ariz. Aug. 3, 2010) (discussing untimely motions to amend under Rule 16).

For these reasons,

**IT IS HEREBY ORDERED** that the Court will exercise supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that the Court's Rule 16(b) Scheduling Order, (Doc. 15), is hereby amended to establish a new deadline of Friday, May 20, 2016, for all dispositive motions to be filed.

**IT IS FURTHER ORDERED** that the Court's Rule 16(b) Scheduling Order, (Doc. 15 at 4), is hereby amended to grant the parties leave to file a second motion for summary judgment.

Dated this 5th day of May, 2016.

James A. Teilborg
Senior United States District Judge