WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Karen M. Baker,

Plaintiff,

v.

Walgreens Arizona Drug Company,

Defendant.

No. CV-15-00342-PHX-JAT

**ORDER**

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Karen M. Baker, (Doc. 44), and Defendant Walgreens Arizona Drug Company. (Doc. 45). The parties' motions come in response to the Court's May 6, 2016, Order finding that the Court would exercise supplemental jurisdiction over Plaintiff's state law "wrongful termination" claim pursuant to Title 28 U.S.C. § 1367 (2012). (Doc. 43). Having considered the parties' filings, the Court now rules on the pending motions.[1]

**I.**

In its April 18, 2016, Order the Court set forth in detail the factual allegations underlying Plaintiff's lawsuit. (Doc. 40 at 1-5). The Court need not do so again. For

[1] Neither party requested oral argument on the pending dispositive motions. Both parties have submitted memoranda discussing the law and facts in support of their positions and oral argument will not aide the Court's decisional process. *See e.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). As noted *infra*, neither party filed a timely response opposing summary judgment under LRCiv 7.2(c).

purposes of adjudicating the pending cross-motions for summary judgment, it is sufficient to note the following procedural developments.

On April 18, 2016, the Court granted Defendant summary judgment on Plaintiff's federal law claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, ("ADEA"). (Doc. 40 at 7-22). The Court also found, reading pro se Plaintiff's pleading liberally, that the Complaint contained a state law claim of "wrongful termination," (*id.* at 22-23), but that further factual development was necessary to determine whether the Court had original jurisdiction under 28 U.S.C. § 1332, or whether the Court had discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367. (*Id.* at 23).

On May 6, 2016, after considering the parties' briefing on subject matter jurisdiction, the Court found that original jurisdiction did not exist, but that in its discretion the Court would exercise supplemental jurisdiction over the state law claim, as it was "part of the same controversy as [Plaintiff's] federal law discrimination claims, and that judicial efficiency w[ould] be promoted by hearing the claim." (Doc. 43 at 2). Because Plaintiff's Complaint and her subsequent filings failed to provide any substance as to what sort of state law "wrongful termination" claim was alleged, the Court further found that Plaintiff's claim was best characterized as a violation the Arizona Employment Protections Act ("APEA"), pursuant to A.R.S. § 23-1501(3)(b) (2014), for violations of the Arizona Civil Rights Act ("ACRA"). (*Id.*) Finally, in light of the Court's decision to exercise supplemental jurisdiction over the state law claim, coupled with "the ambiguities about the nature of the claim in the original Complaint,"[2] the Court amended its Fed. R.

[2] Plaintiff's entire wrongful termination claim was the succinct allegation that Defendant "[t]erminated her employment against state law" because it "willfully and knowingly fabricated a lie and accused Plaintiff of theft." (Doc. 1 at 10). Defendant did not seek summary judgment on any state law claims in the Complaint. Defendant's Answer, however, did acknowledge the possibility that the Complaint alleged a state law claim and noted that "[d]ue to the vague allegations in Plaintiff's Complaint, and specifically, in Count II, the nature of Count II and whether this Count arises out of the same conduct alleged in Count I is unclear." (Doc. 9 at 2 n.2). Defendant thereafter "reserve[d] the right to seek dismissal of Count II because such allegations, even if true,

Civ. P. 16(b) Scheduling Order and permitted each party file dispositive motions by Friday, May 20, 2016. (*Id.* at 3).

Both parties filed a motion for summary judgment on Plaintiff's remaining claim on May 20, 2016. (Doc. 44; Doc. 45). Neither party filed a timely response opposing summary judgment,[3] nor did either party request oral argument. Having set forth the pertinent procedural background, the Court turns to the pending motions.

**II.**

The Court's April 18, 2016, Order set forth in full the applicable legal standard for a Fed. R. Civ. P. 56(a) motion for summary judgment where one party is a pro se litigant. (Doc. 40 at 5-7). The Court need not recite the full standard again. Summary judgment is only appropriate where there is no genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and as a pro se litigant, the Court must liberally construe Plaintiff's pleadings, *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted), and her burden to overcome summary judgment in this employment discrimination action is minimal. *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000)).

**III.**

**A. Plaintiff's Motion for Summary Judgment**

The Court begins by addressing Plaintiff's motion. (Doc. 44). Having reviewed the motion liberally, the Court finds it to be insufficient to entitle Plaintiff to judgment as a matter of law. Plaintiff's motion is primarily a re-telling of facts contained in Plaintiff's

---

are not sufficient to state a claim for relief under either Arizona statutory or common law." (*Id.*).

[3] LRCiv 7.2(c) requires that a party opposing summary judgment file a responsive memorandum within fourteen days after service of the motion. Each motion for summary judgment was filed on May 20, 2016. As of June 8, 2016, no responsive memoranda had been filed with the Court. (Doc. 44, 45).

opposition to Defendant's earlier motion for summary judgment, (Doc. 26), and rests on three factual allegations. The Court will address each in turn.

First, Plaintiff recounts in detail the incident involving the customer who tendered five dollars as partial payment for the transaction that ultimately led to Plaintiff's termination. (Doc. 44 at 2-4). Plaintiff denies that she stole the customer's money, and alleges that Luis Palomo, the manager at the store where Plaintiff worked, "fabricated this lie of theft, and then terminated Plaintiff's employment." (*Id.* at 6, 7). The Court, however, previously noted that it was unable "to identify a viable cause of action under the [Arizona Employment Protection Act ("AEPA")] for making false accusations about an employee." (Doc. 43 at 2). Plaintiff has yet to point to anywhere in the statute that authorizes such a claim, and to the extent that the allegation supports a claim of discrimination on the basis of race and age, the Court finds it to be a "conclusory statement without factual support" in the record. Plaintiff has proffered no evidence to support the allegation, and absent some corroboration in the record, the Court need not consider it. *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (citation omitted). Even accepting Plaintiff's conclusory claim, she has still proffered nothing to show that other similarly situated employees were treated differently than she was. *See Baker v. Walgreens Ariz. Drug. Co.*, No. CV-15-00342-PHX-JAT, 2016 U.S. Dist. LEXIS 51503, at *13 (D. Ariz. April 18, 2016) (finding that the record did not contain "even a modicum of evidence to support [Plaintiff's] claim").

Next, Plaintiff asserts that the Arizona Department of Economic Security ("ADES") investigated Plaintiff's unemployment claim, and found that Plaintiff was entitled to unemployment insurance due to the fact she was "discharged because [her] employer was not satisfied with [her] work" and not due to negligence or carelessness. (Doc. 44 at 10). Plaintiff also cites to a brief discussion with an ADES Unemployment Insurance Consultant where she informed the consultant that there was a delay between the incident that led to Plaintiff's termination and the actual date of termination. (*Id.* at 6). These facts, however, pertain to what appears to be an investigation as to whether

Plaintiff was eligible to collect unemployment. ADES is the state agency that handles applications for and dissemination of unemployment benefits. *Prebula v. Arizona Dep't of Economic Sec.*, 672 P.2d 978, 980 (D. Ariz. 1983). The ADES investigation determined that Plaintiff was not "negligent" or "careless" and did not "fail[] to provide the ordinary care expected" in her job, a statement closely resembling the definition for negligence. The succinct, one paragraph letter does nothing to suggest that Defendant terminated, or discriminated against Plaintiff if any way, on the basis of race or age.

Finally, Plaintiff's motion alleges that "all non-African Americans, working for [Defendant] have never been treated with this kind of d[i]sparate treatment." (Doc. 44 at 7). The assertion is supported by nothing of record, although Plaintiff's motion does assert that she "seeks to provide th[e] Court with substance that further support[]s [her] state law claim per A.R.S. [§] 23-1501(3)(b)(i)." (*Id.*). Absent any semblance of support for this allegation, the Court finds that it is a "conclusory statement without factual support," and the Court will not consider it. *Surrell*, 518 F.3d at 1103.

In sum, Plaintiff's motion for summary judgment, (Doc. 44), fails to establish that Defendant discharged or discriminated against Plaintiff on the basis of race or age. More specifically, as will be discussed *infra*, Plaintiff's motion does nothing to show, or even suggest, that "other employees with qualifications similar to her own were treated more favorably" by Defendant. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). Plaintiff is not entitled to judgment as a matter of law, and the motion will be denied.

**B. Defendant's Motion for Summary Judgment**

To the extent that Plaintiff's remaining state law claim can be characterized as an alleged AEPA claim premised on ACRA violations, substantial case law suggests that Plaintiff's claim is not actionable. *See Cronin v. Sheldon*, 991 P.2d 231, 241 (Ariz. 1999) (finding that the "exclusive remedies provision" of the AEPA precluded the petitioners' ACRA-based claims); *Taylor v. Graham County Chamber of Commerce*, 33 P.3d 518,

522 (Ariz. Ct. App. 2001) (noting that the ACRA "provides a remedy to an employee for the violation" and that it cannot serve as the basis for an AEPA claim); *Miles v. Vasquez*, No. CV-07-1398-PHX-FJM, 2007 U.S. Dist. LEXIS 100142, at *3-5 (D. Ariz. Nov. 5, 2007) (noting that the ACRA is a specifically delineated statute that "provides a remedy to an employee" and that "a wrongful discharge claim cannot be premised on [a] violation of the ACRA"); *Fallar v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1076 (D. Ariz. 2002) (finding that Plaintiff's "only remedies" for civil rights violations were pursuant to the ADA and the ACRA and that the claim could not be brought under the AEPA). In light of the aforementioned authorities, the Court finds that to the extent that Plaintiff's state law claim can be properly characterized as an AEPA claim premised on violations of the ACRA, it is not actionable. *See Baron v. Arizona*, 270 Fed. Appx. 706, 710 (9th Cir. 2008) (holding that because the "ACRA provides a remedy for sex discrimination, [the plaintiff] cannot bring this claim under the AEPA").

The Court's analysis, however, continues. In the April 17, 2016, Order, the Court noted that Plaintiff had offered nothing throughout this litigation to illuminate even the general nature of her state law claim. *Baker v. Walgreens Ariz. Drug. Co.*, No. CV-15-00342-PHX-JAT, 2016 U.S. Dist. LEXIS 60449, at *2 (D. Ariz. May 6, 2016). The Court found that given the nature of the Complaint, Plaintiff's state law claim was one for discrimination that led to her firing. To the extent that Plaintiff's claim can be characterized as an independent claim that Defendant violated the ACRA, A.R.S. § 41-1463(B)(1) (2014),[4] the Court finds that Defendant is entitled to summary judgment.

"Title VII and the Arizona Civil Rights Act . . . are 'generally identical,' and . . . federal Title VII law has been 'persuasive in the interpretation of the ACRA.'" *Lopez v. Produce Exch.*, 171 Fed. Appx. 11, 12 (9th Cir. 2006) (quoting *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004)); *see also Higdon v. Evergreen Int'l Airlines*, 673 P.2d 907, 909 n.3 (Ariz. 1983) (noting that "[t]he Arizona Civil Rights Act is modeled after

---

[4] A.R.S. § 41-1463(B)(1) makes it an unlawful employment practice for an employer to "discharge any individual or otherwise to discriminate against any individual . . . because of the individual's race" or "age."

and generally identical to the federal statute in the area" Title VII). This applies to the ADEA as well. *See Cardwell v. Intel Corp.*, No. CIV 99-0532-PHX-MHM, 2002 U.S. Dist. LEXIS 19273, at *10 (D. Ariz. Sept. 19, 2002) (citing *Timmons v. City of Tucson*, 830 P.2d 871, 875 (Ariz. Ct. App. 1991)) (finding federal ADEA case law "persuasive in interpreting [the] ACRA"). Thus, when analyzing a claim under the ACRA, courts subject it to the same framework of analysis as federal law discrimination claims. *Shaninga v. St. Luke's Med. Ctr. LP*, No. CV-14-02475-PHX-GMS, 2016 U.S. Dist. LEXIS 49131, at *17-19 (D. Ariz. April 11, 2016); *Kunz v. Smith's Food & Drug Ctrs., Inc.*, No. CV-09-1645-PHX-GMS, 2011 U.S. Dist. LEXIS 29591, at *18 (D. Ariz. March 21, 2011); *Knowles v. United States Foodservice, Inc.*, No. CV-08-01283-PHX-ROS, 2010 U.S. Dist. LEXIS 95267, at *9 (D. Ariz. Sept. 9, 2010); *De La Torre v. Merck Enters.*, 540 F. Supp. 2d 1066, 1079 n.10 (D. Ariz. 2008); *Barkclay v. Wal-Mart Stores, Inc.*, No. CV 07-981-PHX-MHM, 2007 U.S. Dist. LEXIS 95260, at *9-12 (D. Ariz. Dec. 13, 2007).

Here, Plaintiff's Complaint alleged discrimination on the basis of race and age, but the Complaint failed to "establish a prima facie case of discrimination" through "direct or circumstantial evidence of discriminatory intent." *Baker*, 2016 U.S. Dist. LEXIS 51503, at *13 (quoting *Vasquez v. County of Los Angeles*, 394 F.3d 634, 640 (9th Cir. 2003)). Plaintiff therefore had to proffer "evidence that 'gives rise to an inference of unlawful discrimination' . . . through the [burden shifting] framework set forth in *McDonnell Douglas Corp. v. Green*[, 411 U.S. 792 (1973)]." *Vasquez*, 394 F.3d at 640 (citing *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir. 1997)). Defendant was entitled to summary judgment on Plaintiff's federal discrimination claims, *Baker*, 2016 U.S. Dist. LEXIS 51503, at *40, because despite Plaintiff's minimal burden to establish a prima facie case of discrimination, the record "simply failed to produce even a modicum of evidence to support [Plaintiff's] claim that other similarly situated employees were treated more favorably than she was . . . ." *Id.* at *36, *37. Thus, under the burden-shifting framework set forth in *McDonnell Douglas*, Plaintiff failed to carry her initial

burden of establishing a prima facie case of discrimination.

Plaintiff's pending motion for summary judgment,[5] (Doc. 44), fails to add anything substantive to the record. It follows that to the extent Plaintiff's state law claim is an independent allegation under the ACRA, Plaintiff has failed to carry her initial burden to establish a "prima facie case of discrimination" on the basis of age or race under the *McDonnell Douglas* test. The record still does not contain "even a modicum of evidence" to support Plaintiff's claim that other "similarly situated employees were treated more favorably than she was." *Baker*, 2016 U.S. Dist. LEXIS 51503, at *37 (citation omitted). Accordingly, Plaintiff's state law claim has failed to "present any evidence creating a genuine dispute of material fact" necessitating trial to resolve. *Dang v. Solar Turbines, Inc.*, 452 Fed. Appx. 804, 805 (9th Cir. 2011). Defendant is entitled to summary judgment on the remaining state law claim.

**IV.**

To conclude, the Court finds that Plaintiff's motion for summary judgment must be denied. The Court further finds that to the extent Plaintiff's state law claim is a claim under the AEPA, it is not actionable. To the extent that Plaintiff's state law claim is an independent ACRA claim, Defendant is entitled to summary judgment, as Plaintiff has failed to make out a prima facie case of discrimination on the basis of age or race.

Between this Order and the Court's prior Order granting Defendant summary judgment on Plaintiff's federal law claims, (Doc. 40), Defendant is entitled to judgment as a matter of law on all counts contained in the Complaint. Accordingly, the Clerk of the Court shall enter judgment in favor of Defendant, and dismiss the case with prejudice.

For the aforementioned reasons,

**IT IS ORDERED** that Plaintiff's motion for summary judgment, (Doc. 44), is **DENIED**.

---

[5] Plaintiff failed to timely oppose Defendant's motion for summary judgment. LRCiv. 7.2(c).

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment, (Doc. 45), with respect to Plaintiff's state law claim is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and dismiss this case with prejudice.

Dated this 8th day of June, 2016.

James A. Teilborg
Senior United States District Judge